UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 07-62081-fra7 |
| KATHERINE E. FLYNN, | ) |
| | ) MEMORANDUM OPINION |
| Debtor. | ) |

On June 17, 2010, the Court conducted a hearing on the Debtor's objection to Claim No. 2, filed by the Department of Human Services of the State of Oregon. At the conclusion of the hearing I ruled that the State had a valid claim, and that the objection should be overruled. On June 23 the Debtor filed a motion to reconsider this ruling, which motion was set for hearing on September 1, 2010. The Debtor did not appear at that hearing. The Court reiterated its view that the objection to the State's claim was not well founded.

The Debtor now requests that the Court reset the hearing. I am not prepared to convene a third hearing on this matter.

Oregon law provides that an individual is not eligible for certain benefits if his or her income exceeds stated limits. The state further defines those limits by including all sources of income,

// // //

Page 1 - MEMORANDUM OPINION

including funds received by a program beneficiary from a separate state program reimbursing operators of adult foster care facilities.

In the instant case, Ms. Flynn received benefits from the state on account of her own disability, while at the same time receiving reimbursement payments from the state in her capacity as a foster care provider. State law clearly provides that funds received in the latter capacity are counted toward the limits on the right to receive funds as a program beneficiary. The fact that other laws, such as tax codes, may exempt the foster care payments does not mean that the state may not require inclusion of such payments in calculating the right to receive state assistance.

The Debtor was not eligible to receive the funds now claimed by the State. While the State's claim against her, which is not based on any intentional wrongdoing, will be discharged, the State is still entitled to recover what it paid to the Debtor through the bankruptcy claims process.

An order will be entered denying the Debtor's motion to reconsider, and denying her motion to reset the hearing on her motion. Debtor's right to appeal either of these decisions will terminate ten (10) days after the order is entered.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 2 - MEMORANDUM OPINION